UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MICHAEL S. T., | ) | |
| | ) | |
|    Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00270-JHR |
| | ) | |
| ANDREW M. SAUL, | ) | |
| Commissioner of Social Security,[1] | ) | |
| | ) | |
|    Defendant | ) | |

### MEMORANDUM DECISION[2]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge ("ALJ") supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the bases that the ALJ erred in determining that his impairments did not meet or equal any of the so-called "Listings," Appendix 1 to 20 C.F.R. Part 404, Subpart P, giving great weight to the opinions of agency nonexamining consultants and little to those of treating and examining providers, and assessing a mental and physical residual functional capacity ("RFC") unsupported by substantial evidence. *See* Plaintiff/Appellant's Itemized Statement of Specific Errors ("Statement of Errors") (ECF No. 14) at 10-20. I find no error and, accordingly, affirm the commissioner's decision.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted as the defendant in this matter.
[2] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties have consented to have me conduct all proceedings in this matter, including the entry of judgment. ECF No. 21.

1

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through March 31, 2018, Finding 1, Record at 17; that he had the severe impairments of left shoulder degenerative joint disease, anxiety disorder, and affective disorder, Finding 3, *id*. at 18; that he had no impairment or combination of impairments that met or medically equaled in severity any of Listings, Finding 4, *id*. at 20; that he had the RFC to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c), except that he could occasionally climb ladders, ropes, or scaffolds, occasionally perform overhead work with his left, non-dominant side, frequently crawl, and, on a sustained, competitive basis, understand and remember simple instructions, use judgment in making simple work-related decisions, respond appropriately to supervisors, coworkers, and usual work situations not involving the public, and adapt to changes in the ordinary work setting, Finding 5, *id*. at 22-23; that, considering his age (55 years old, defined as an individual of advanced age, on his alleged disability onset date, June 28, 2015), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-10, *id*. at 31-32; and that he, therefore, had not been disabled from June 28, 2015, his alleged onset date of disability, through the date of the decision, January 2, 2018, Finding 11, *id*. at 33. The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Sec'y of*

Health & Human Servs., 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The statement of errors also implicates Step 3 of the sequential evaluation process, at which step a claimant bears the burden of proving that his impairment or combination of impairments meets or equals a listing. 20 C.F.R. §§ 404.1520(d), 416.920(d); *Dudley v. Sec'y of Health & Human Servs.*, 816 F.2d 792, 793 (1st Cir. 1987). To meet a listing, the claimant's impairment(s) must satisfy all criteria of that listing, including required objective medical findings. 20 C.F.R. §§ 404.1525(c)(3), 416.925(c)(3). To equal a listing, the claimant's impairment(s) must be "at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. §§ 404.1526(a), 416.926(a).

## I. Discussion

### A. Listing 12.04

The plaintiff first contends that the ALJ abused his discretion by failing to find that his mental impairments met or equaled Listing 12.04 because substantial evidence supported such a finding; namely, records of treating and examining sources and the opinion of treating social

3

worker Ashley M. Vadas, LCSW, that he had marked limitations in mental functioning. *See* Statement of Errors at 11-15.

As the commissioner rejoins, *see* Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 17) at 5, this argument on its face falls short of warranting remand. A reviewing court "must affirm the [commissioner's] resolution, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence." *Rodriguez Pagan v. Sec'y of Health & Human Servs.*, 819 F.2d 1, 3 (1st Cir. 1987). *See also, e.g., Malaney v. Berryhill*, No. 2:16-cv-00404-GZS, 2017 WL 2537226, at *2 (D. Me. June 11, 2017) (rec. dec., *aff'd* July 11, 2017), *aff'd*, No. 17-1889, 2019 WL 2222474 (1st Cir. May 15, 2019) ("The mere fact that a claimant can point to evidence of record supporting a different conclusion does not, in itself, warrant remand."); *Huff v. Colvin*, No. 2:13-cv-378-JDL, 2014 WL 5473036, at *5 n.3 (D. Me. Oct. 27, 2014) (When the position of the commissioner and that of the claimant are "equally reasonable, . . . the court must find for the commissioner pursuant to the applicable standard of review.").

The plaintiff's failure to address the ALJ's rationale for determining that his mental impairments did not meet or equal Listing 12.04, *see* Record at 21-22, is fatal to his bid for remand on this basis.

### B. Weighing of Expert Opinions

The plaintiff next contends that the ALJ erred in assigning little weight to the opinions of his longtime primary care provider, Douglas Couper, M.D., his treating social worker, LCSW Vadas, and an agency examining consultant, Natacha Sovetsky-Chabot, NP-C, and great weight to the opinion of an agency nonexamining consultant, Brian Stahl, Ph.D. *See* Statement of Errors at 15-19. He argues, in the main, that it is error to "throw[] out" the opinions of treating and

4

examining sources who largely agree on a claimant's diagnoses and the nature and extent of his disability "in favor of non-examining medical consultants who have necessarily based their opinions . . . on the records of the health care providers whose opinions have been disregarded." *Id*. at 17.[3]

This amounts to an unavailing invitation to the court to reweigh the evidence. *See, e.g., Rodriguez,* 647 F.2d at 222 ("The Secretary may (and, under his regulations, must) take medical evidence. But the resolution of conflicts in the evidence and the determination of the ultimate question of disability is for him, not for the doctors or for the courts."). The mere "fact that there is consistency among or between opinions in the record does not entitle them to great weight when . . . an ALJ points to other substantial evidence of record that is inconsistent with them." *Lumpkin v. Berryhill*, No. 2:17-cv-00081-NT, 2018 WL 640229, at *8 (D. Me. Jan. 31, 2018) (rec. dec., *aff'd* Mar. 29, 2018).

While the plaintiff challenges some of the ALJ's explanations for giving little weight to the opinions of Dr. Couper and LCSW Vadas and great weight to that of Dr. Stahl, *see* Statement of Errors at 17-19, those arguments, as well, fall short of entitling him to remand.

The plaintiff asserts that the ALJ wrongly characterized Dr. Couper as having given an opinion that the plaintiff's mental/emotional condition was disabling, a determination reserved to the commissioner. *See id*. at 17. He contends that, instead, Dr. Couper commented on the impact of his mental impairments on his ability to work. *See id.* However, the ALJ correctly noted that

---

[3] At oral argument, the plaintiff's counsel further contended that the ALJ erred in (i) ignoring the opinion of psychiatrist Steven P. Stout, M.D., that the plaintiff had a Global Assessment of Functioning score of 40 as of April 26, 2017, when Dr. Stout evaluated him, and (ii) giving great weight to the opinions of all four agency nonexamining consultants when all of those opinions were "stale." These points, which could have been raised in the statement of errors but were not, are waived. *See, e.g. Farrin v. Barnhart*, No. 05-144-P-H, 2006 WL 549376, at *5 (D. Me. Mar. 6, 2006) (rec. dec., *aff'd* Mar. 28, 2006) ("Counsel for the plaintiff in this case and the Social Security bar generally are hereby placed on notice that in the future, issues or claims not raised in the itemized statement of errors required by this court's Local Rule 16.3(a) will be considered waived and will not be addressed by this court.") (footnote omitted).

Dr. Couper not only described the plaintiff's mental impairments as disabling but also stated that his stress caused "'severe dysfunction with an inability to stay on task, focus or complete activities.'" *Id*. at 29-30 (quoting *id*. at 743, 748). He explained that he gave little weight to the Couper opinions in part because they were "inconsistent with and out of proportion to the evidence of record as a whole[.]" *Id*. at 30.

An ALJ need not accept the opinion of a treating source that a claimant's impairments are "disabling" or adopt functional limitations that are supportably deemed inconsistent with other substantial evidence of record. *See, e.g*., 20 C.F.R. §§ 404.1527(d), 416.927(d) (whether a claimant is disabled is an issue reserved to the commissioner with respect to which even the opinion of a treating source is given no special significance); *Campagna v. Berryhill*, No. 2:16-cv-00521-JDL, 2017 WL 5037463, at *4 (D. Me. Nov. 3, 2017) (rec. dec., *aff'd* Jan. 2, 2018) ("inconsistency with other substantial evidence of record" constitutes a good reason for affording a treating source opinion little or no weight). The plaintiff does not separately challenge the ALJ's finding in this case that the Couper opinions were inconsistent with the record as a whole. *See* Statement of Errors at 17.

The plaintiff next faults the ALJ for assigning very little weight to the opinion of NP-C Sovetsky-Chabot on the basis that she relied heavily on the plaintiff's self-reports when she herself described her opinion as based on her examination of him. *See* Statement of Errors at 18; Record at 28-29, 409. However, as the commissioner contends, *see* Opposition at 13-14, the ALJ reasonably inferred that NP-C Sovetsky-Chabot based her opinion heavily on the plaintiff's self-reports when she assessed limitations that were not only "greatly in excess of [the plaintiff's] contemporaneous treatment records" but also unsupported by some of her own findings on examination, Record at 29. Specifically, the ALJ observed, NP-C Sovetsky-Chabot assessed

6

significant limitations in walking even though she noted that the plaintiff had no difficulty walking in and out of the office and had a normal gait. *See id.* at 29, 408-09. The plaintiff does not separately challenge the ALJ's finding that NP-C Sovetsky-Chabot's opinion was greatly in excess of contemporaneous treatment records. *See* Statement of Errors at 18. The ALJ, accordingly, properly discounted the Sovetsky-Chabot opinion.

The plaintiff further asserts that the ALJ erred in giving great weight to Dr. Stahl's opinion; specifically, his opinion that the plaintiff could work with supervisors. *See id*. at 18-19. He takes issue with the ALJ's adoption of Dr. Stahl's explanation that this finding was consistent with the plaintiff's ability to get along with authority by his own report, pointing to evidence that (i) his alleged onset date of disability coincides with an incident in which he became belligerent with police officers, (ii) he was involuntarily hospitalized for five days because of threats of physical harm to judges, (iii) Dr. Couper recognized that he had serious difficulty getting along with authority figures, and (iv) LCSW Vadas assessed a marked impairment in his ability to accept instructions and respond appropriately to criticism from supervisors. *See id*.; Record at 30, 103.

As discussed above, "[t]he mere fact that a claimant can point to evidence of record supporting a different conclusion does not, in itself, warrant remand." *Malaney*, 2017 WL 2537226, at *2. As the commissioner observes, *see* Opposition at 15, the plaintiff indeed reported that he "g[o]t along fine with most everyone" and, despite his dispute a year earlier with the police, generally respected authority figures, Record at 257. In addition, the ALJ found that the plaintiff's anger and rage had been "specifically directed toward his ex-wife, judges who have made rulings adverse to him, and a counselor who testified against him in court," *id*. at 26, and that he had "been able to learn, remember, and apply behavioral strategies, including anger management, using healthy coping skills, and being notably able to calm himself at times after getting perseverative

7

in discussing his domestic and legal conflicts[,]" *id*. at 27 (citations and internal quotation marks omitted). The ALJ, therefore, supportably relied on Dr. Stahl's opinion that the plaintiff retained the ability to work with supervisors.

### C. Overall Challenge to RFC Determination

The plaintiff next, and finally, contends that the ALJ's determination of his mental and physical RFC was unsupported by substantial evidence. *See* Statement of Errors at 19-20. This point hinges on the success of his prior arguments that the ALJ erred in discounting the opinions of Dr. Couper and LCSW Vadas, *see id*., which fall short for the reasons discussed above.

### II. Conclusion

For the foregoing reasons, the commissioner's decision is **AFFIRMED**.

Dated this 20th day of September, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge